UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John L. Johnson, Jr.

    v.                                             Civil No. 20-cv-160-LM
                                                      Opinion No. 2020 DNH 181 P

Rapid Sheet Metal, LLC

O R D E R

In this employment discrimination action, John L. Johnson, Jr. ("plaintiff"), claims that his former employer, Rapid Sheet Metal, LLC ("defendant") failed to reasonably accommodate his disability and retaliated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Defendant moves for judgment on the pleadings (doc. no. 11) as to: (1) plaintiff's right to recover punitive damages and certain forms of injunctive relief; and (2) plaintiff's retaliation claim. For the reasons below, the court denies defendant's motion as to punitive damages and injunctive relief and partially grants defendant's motion as to the retaliation claim. The retaliation claim is dismissed without prejudice, and plaintiff may file an amended complaint on or before November 19, 2020, to correct deficiencies in his allegations of retaliation.

**STANDARD OF REVIEW**

"Judgment on the pleadings is proper 'only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable

judgment.'" Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir. 2007) (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006)). "The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)." Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014) (quoting Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)); accord Petrello v. City of Manchester, Civ. No. 16-cv-008-LM, 2017 WL 1080932, at *1 (D.N.H. Mar. 21, 2017).

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71, 75 (1st Cir. 2014) (citation and internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Where, as here, a plaintiff proceeds pro se, "this standard of review must be applied with due regard for plaintiff's pro se status," in recognition of the fact that pro se complaints are liberally construed "to avoid inappropriately stringent rules and unnecessary dismissals." Bourne v. Arruda, Civ. No. 10-cv-393-LM, 2011 WL 2357504, at *3 (D.N.H. June 10, 2011).

In conducting a Rule 12(b)(6) analysis, "a court should employ a two-pronged approach." Id. at *2 (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011)). First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Statements constituting "legal conclusions, labels, or naked assertions, 'devoid of . . . factual enhancement'" must not be credited. Bourne, 2011 WL 2357504, at *2 (quoting Iqbal, 556 U.S. at 678). And "even a pro se plaintiff is required to 'set forth factual allegations'" in support of his claims. Tierney v. Town of Framingham, 292 F. Supp. 3d 534, 541 (D. Mass. 2018) (italics omitted) (quoting Wright v. Town of Southbridge, Civ. No. 07-40305-FDS, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009)).

Second, the court must "take the facts of the complaint as true, 'drawing all reasonable inferences in [plaintiff's] favor, and see if they plausibly narrate a claim for relief.'" Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 718 (1st Cir. 2014) (alteration in original) (quoting Schatz, 669 F.3d at 55). If the complaint's factual allegations, taken as true, allow the court "'to draw the inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678). The First Circuit has stated that "plausible," in the Rule 12(b)(6) context, "means something more than merely possible," Schatz, 669 F.3d at 55, and a complaint that "pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

3

between possibility and plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

Where, as here, succeeding on a claim involves proving a prima facie case, the elements of the prima facie case inform the court's plausibility assessment. See Carrero-Ojeda, 755 F.3d at 718; Arroyo-Ruiz v. Triple-S Mgmt. Grp., 206 F. Supp. 3d 701, 710-11 (D.P.R. 2016). While the prima facie standard is an evidentiary rather than a pleading standard, and the complaint need not set forth sufficient facts to establish a prima facie case, "reference to the prima facie elements can help a court determine whether the 'cumulative effect of the complaint's factual allegations' is a plausible claim for relief." Carrero-Ojeda, 755 F.3d at 718 (italics omitted) (quoting Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 55 (1st Cir. 2013)).

## BACKGROUND

I.   Factual Background

The following facts are drawn from plaintiff's complaint. Plaintiff worked for defendant from 2006 until 2015. During his time at the company, he repeatedly requested that defendant provide him with an American Sign Language ("ASL") interpreter so that he could better understand and communicate with other employees. The company ignored his requests. Without an interpreter, plaintiff had difficulty understanding what was happening at company meetings and within the company. This hindered plaintiff from advancing in his career.

4

Defendant terminated plaintiff's employment in 2015. The complaint asserts that plaintiff's termination was in retaliation for his numerous requests for an ASL interpreter. However, the complaint also alleges that plaintiff's termination was the result of a coworker's false report. The complaint provides no details about this report.

II.     Procedural Background

On or about April 1, 2016, plaintiff filed a charge of discrimination with the New Hampshire Commission for Human Rights ("the Commission"), alleging claims of disability discrimination and retaliation under the ADA and New Hampshire's Law Against Discrimination. See RSA ch. 354-A. In 2019, after concluding its investigation of the charge, the Commission found probable cause on claims of failure to accommodate and retaliation.

Defendant thereafter requested that the Commission transfer plaintiff's case to New Hampshire Superior Court. See RSA 354-A:21-a, I ("Any party alleged to have committed any practice made unlawful under this chapter may, in any case in which a determination of probable cause has been made by the investigating commissioner, remove said complaint to superior court for trial."). Soon after the case was transferred to Superior Court, defendant filed a notice of removal in this court, premising jurisdiction on plaintiff's ADA claims. See 42 U.S.C. §§ 12117(a), 2000e-5(f)(3).

Plaintiff thereafter filed a complaint,[1] alleging that defendant violated ADA[2] by failing to reasonably accommodate him with an ASL interpreter and by terminating his employment in retaliation for his numerous requests. The complaint seeks multiple forms of monetary and injunctive relief, including, as relevant to defendant's motion, an order directing defendant to fire the persons responsible for plaintiff's termination. Finally, while the complaint does not specifically request punitive damages, it does state that it "is up to the court on punishment [for] disrespecting the ADA." Doc. no. 7-1 pg. 4.

## DISCUSSION

Defendant moves for judgment on the pleadings as to: (1) plaintiff's entitlement to punitive damages; (2) the complaint's request that the court order defendant to terminate the employees responsible for plaintiff's termination; and (3) plaintiff's retaliatory discharge claim. Because the first two arguments ultimately turn on the same issue, the court addresses them together before analyzing whether plaintiff has plausibly alleged a claim of retaliation.

---

[1] Because of the unique procedural posture of this case, plaintiff had not filed a complaint prior to removal.

[2] The complaint does not allege that defendant's actions violated New Hampshire's Law Against Discrimination. It is not clear that plaintiff intended to abandon his state law claims, however. This court has the power to rule on a plaintiff's state law claims that involve the same case or controversy as his federal claims. See 28 U.S.C. § 1367(a). In the event plaintiff files an amended complaint in response to this order, he may address the state law claims at that time.

I. The Rule 12(b)(6) Standard is an Inappropriate Mechanism for Determining the Relief to Which Plaintiff is Entitled

Defendant argues that plaintiff has failed to allege sufficient facts to recover punitive damages. Under the ADA, a plaintiff may recover punitive damages if he or she demonstrates that the defendant "engaged in a discriminatory practice . . . with malice or reckless indifference to the [plaintiff's] federally protected rights." 42 U.S.C. § 1981a(a)(2), (b)(1). Defendant contends that, because plaintiff's complaint does not allege that defendant acted with malice or reckless indifference, defendant is entitled to judgment on the pleadings as to any claim for punitive damages.

The court notes that plaintiff's complaint does not specifically request punitive damages. Plaintiff seeks multiple types of damages as well as several forms of injunctive relief, but he does not request an award of punitive damages. This raises a threshold question of whether defendant can seek judgment on the pleadings as to a type of relief that has not been pled.

Federal Rule of Civil Procedure 54(c) provides that final judgments, except for default judgments, "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Thus, as a general matter, "the court can award any relief to which the [plaintiff] is entitled," regardless of whether it is sought in the complaint. House of Flavors, Inc. v. TFG Michigan, L.P., 643 F.3d 35, 39 (1st Cir. 2011). However, Rule 9(g) requires any "item of special damage" to be specifically pled in the complaint. Fed. R. Civ. P. 9(g).

7

While it does not appear that the First Circuit has addressed whether punitive damages constitute special damages under Rule 9(g), the Courts of Appeals that have taken up the issue have held they do not. See Bowles v. Osmose Utils. Servs., Inc., 443 F.3d 671, 675 (8th Cir. 2006); Scutieri v. Paige, 808 F.2d 785, 792 (11th Cir. 1987); Guillen v. Kuykendall, 470 F.2d 745, 748 (5th Cir. 1972); see also 5A Arthur R. Miller et al., Federal Practice and Procedure § 1310 (4th ed.) ("Most courts do not treat punitive damages as special damages under Rule 9(g) . . . ."); cf. Soltys v. Costello, 520 F.3d 737, 742-43 (7th Cir. 2008) (suggesting that the Seventh Circuit would conclude that punitive damages are not special damages). A small minority of district courts, however, have applied Rule 9(g) to punitive damages. See, e.g., Seirus Innovative Accessories, Inc. v. Cabela's, Inc., No. 09-CV-102 H(WMC), 2011 WL 10968420, at *5-*6 (S.D. Cal. Oct. 5, 2011).

Courts that do not apply Rule 9(g) to punitive damages recognize that punitive damages are based upon "entirely different public policy considerations" than special damages. Dowdy v. Coleman Co., Inc., No. 1:11CV45DAK, 2011 WL 6151432, at *5 (N.D. Utah Dec. 12, 2011). Special damages aim to compensate the plaintiff for the "natural, but not the necessary or usual, consequence of the defendant's conduct," Miller et al., supra p.8, whereas punitive damages operate "to punish [a wrongdoer] for his outrageous conduct and to deter him and others like him from similar conduct in the future," Pan Am Rys., Inc. v. U.S. Dep't of Lab., 855 F.3d 29, 38 (1st Cir. 2017) (alteration in original) (quoting Smith v. Wade, 461 U.S.

30, 54 (1983)). Accord St. Pierre v. Maingot, No. Civ. A. 01-2281, 2002 WL 31655355, at *2 (E.D. La. Nov. 21, 2002).

Given the relative uniformity of the national case law on this issue, as well as the persuasive reasoning supporting the majority rule, it is likely that the First Circuit would join its sister circuits in holding that punitive damages need not be specifically pled as special damages under Rule 9(g). Accordingly, the court proceeds to analyze whether defendant is entitled to judgment on the pleadings as to punitive damages.

As noted, defendant argues that the complaint's failure to allege that defendant acted with malice or reckless indifference compels dismissal of any "claim" for punitive damages. Doc. no. 11 ¶ 13. Defendant's argument must fail.

"Typically, a Rule 12(b) motion tests the sufficiency of a claim and not a prayer for relief." Reininger v. Oklahoma, 292 F. Supp. 3d 1254, 1266 (W.D. Okla. 2017); see also Daniels v. Thomas, 225 F.2d 795, 797 (10th Cir. 1955) ("It is well settled that the prayer for relief is [not] part of the cause of action . . . ."). "[T]he only issue on a motion to dismiss is 'whether the claim as stated would give the plaintiff a right to any relief, rather than to the particular relief demanded.'" Douglas v. Miller, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012) (quoting Cassidy v. Miller Cas. Ins. Co. of Tex., 1 F. Supp. 2d 1200, 1214 (D. Colo. 1998)). In other words, so long as the complaint "sets out facts sufficient to support a reasonable inference that the plaintiff is entitled to <u>any</u> relief the court can grant," that the complaint does not demonstrate that plaintiff is entitled to a specific form of relief is not

9

grounds for dismissal. Charles v. Front Royal Vol. Fire and Rescue Dep't, Inc., 21 F. Supp. 3d 620, 629 (W.D. Va. 2014) (emphasis in original) (quoting 5 Miller et al., supra p.8, § 1255); accord Falk v. Levine, 60 F. Supp. 660, 663 (D. Mass. 1945); see Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C., 635 F.3d 1106, 1108-09 (8th Cir. 2011).

"[P]unitive damages are a form of relief and not a 'claim' that is subject to a Rule 12(b)(6) motion to dismiss." Benedetto v. Delta Air Lines, Inc., 917 F. Supp. 2d 976, 984 (D.S.D. 2013); accord, e.g., Douglas, 864 F. Supp. 2d at 1220; see also Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002); Koufos v. U.S. Bank, N.A., 939 F. Supp. 2d 40, 46 (D. Mass. 2013) (dismissing count in complaint captioned "Injunctive Relief" because "[a]n injunction is not a cause of action, but a remedy"; noting, however, that "injunctive relief may be available if [plaintiff] succeeds on the merits of his remaining claims"). Indeed, a number of recent decisions have so held. See Elias v. Navasartian, No. 1:15-cv-01567-LJO-GSA-PC, 2017 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017) (collecting cases), report and recommendation adopted by 2017 WL 977793, at *1 (E.D. Cal. Mar. 13, 2017). The court is persuaded by the rationale behind these holdings. A Rule 12(b)6) analysis tests the plausibility of claims, and remedies are not claims. See, e.g., Charles, 21 F. Supp. 3d at 1220. Furthermore, as a practical matter, "[i]f a plaintiff need not even include a prayer for punitive damages in his complaint to receive an award of punitive damages, . . . it 'makes little sense' to require detailed factual allegations to support a demand for punitive damages." Jorgenson v. United States, No. 1:17-cv-00817-LJO-EPG (PC),

10

2019 WL 4318493, at *5 (E.D. Cal. Sept. 12, 2019) (quoting Elias, 2017 WL 1013122, at *5), report and recommendation adopted by 2019 WL 4857576, at *1-*2 (E.D. Cal. Oct. 1, 2019).

Finally, it bears mention that an award of punitive damages is always at the discretion of the factfinder, even where the plaintiff proves that the defendant acted with malice or reckless indifference. See McKinnon v. Kwong Wah Rest., 83 F.3d 498, 507-08 (1st Cir. 1996). Punitive damages are never awarded as of right; rather, they are awarded as a matter of public policy to deter and punish wrongdoing. See id. at 508. The discretionary nature of punitive damages awards—and the fact that they are awarded to benefit the public, not the plaintiff—supports the conclusion that the availability of such awards should not depend upon how a plaintiff structures his complaint.

Thus, because a Rule 12(b)(6) analysis cannot be used to determine a plaintiff's entitlement to a specific form of relief, defendant's motion is denied as to punitive damages. For that same reason, defendant's motion is also denied as to plaintiff's request for an injunction ordering defendant to terminate certain employees. Although plaintiff very well may not be entitled to such injunctive relief under the ADA, that is not an issue to be resolved in a Rule 12(b)(6) analysis. See, e.g., Charles, 21 F. Supp. 3d at 1220.

II.     Plaintiff's Complaint Fails to Plausibly Allege a Retaliation Claim

Defendant argues that plaintiff has inadequately alleged a claim of retaliation under ADA. To make out a prima facie case of retaliation under the ADA, a plaintiff must show that: (1) he or she engaged in conduct protected by the ADA; (2) he or she was subject to an adverse employment action; and (3) there was a causal connection between the protected conduct and the adverse employment action. See D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 41 (1st Cir. 2012). Defendant argues that plaintiff has not adequately pled a claim of retaliation because he does not plausibly allege that there was a causal connection between plaintiff's requests for an interpreter and his subsequent termination.[3] The court agrees.

Although, as discussed above, the plaintiff need not plead facts in the complaint sufficient to make out a prima facie case, "the elements of a prima facie case are useful 'as a prism to shed light upon the plausibility of a plaintiff's claim.'"

---

[3] Defendant also contends that plaintiff has not plausibly alleged retaliation because he alleges no facts which would rebut defendant's showing that his termination was for a legitimate, nonretaliatory reason. See Hess v. Rochester Sch. Dist., 396 F. Supp. 2d 65, 77 (D.N.H. 2005) (if plaintiff proves prima facie case of retaliation, burden shifts to employer to articulate a legitimate reason for the adverse employment action). This argument is misplaced. Because proving a prima facie case creates a presumption of retaliation, see St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993) a complaint that alleges facts sufficient to make out a prima facie case necessarily states a plausible claim for relief, see Gascard v. Franklin Pierce Univ., No. 14-CV-220-JL, 2015 WL 1097485, at *4 (D.N.H. Mar. 11, 2015). See Corson v. Modula, Inc., Civ. No. 2:20-CV-104-DBH, 2020 WL 4194498, at *5 (D. Me. July 21, 2020). The complaint need not rebut the reason for the complained-of action given by the employer in order to state a plausible retaliation claim. See id.

Carrero-Ojeda, 755 F.3d at 719 (brackets and italics omitted) (quoting Rodríguez-Reyes, 711 F.3d at 54). Thus, the inquiry is whether the plaintiff "has pleaded enough facts . . . to make entitlement to relief plausible in light of the prima facie standard that will pertain at trial." Id. In conducting this inquiry, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions." Schatz, 669 F.3d at 55.

The complaint alleges that defendant ignored plaintiff's insistence that he had a right to an interpreter, and that defendant "retaliated against [him], terminating [him] after 9 years of service." Doc. no. 7-1 pg. 5. However, the assertion that plaintiff's termination was retaliatory constitutes a legal conclusion that the court must "isolate and ignore" in a Rule 12(b)(6) analysis. Id.; see also Carrero-Ojeda, 755 F.3d at 720 ("Calling [his] discharge [ADA] retaliation does not make it so.").

Once the complaint is shorn of legal conclusions, few factual allegations remain. The complaint alleges that a coworker "falsely reported on plaintiff resulting [in] loss of job." Doc. no. 7-1 pg. 9. However, that plaintiff alleges a causal connection between his termination and this false report—about which no details are provided—detracts from the plausibility of his claim that he was fired in retaliation for requesting an interpreter.

Plaintiff also alleges that defendant did not hire an ASL interpreter for him during his nine years at the company despite his numerous complaints. While the court can infer from this allegation that plaintiff engaged in the protected conduct of

13

requesting a reasonable accommodation, see Freadman v. Metro. Prop. and Cas. Ins. Co., 484 F.3d 91, 106 (1st Cir. 2007), the complaint alleges no facts which suggest that defendant considered plaintiff's requests for an accommodation in making its termination decision, see Carrero-Ojeda, 755 F.3d at 720. For example, the complaint does not allege any "negative comments, complaints, or expressions of reluctance by her superiors or co-workers about" plaintiff's requests for an interpreter. Id. It does not allege that plaintiff's requests were discussed in performance reviews. Id. The complaint does not even state when plaintiff's firing occurred relative to his requests for an interpreter. See Germanowski v. Harris, 854 F.3d 68, 74 (1st Cir. 2017) (noting that, in some circumstances, close temporal proximity between protected conduct and adverse employment action can make causal connection plausible); Wright v. CompUSA, Inc., 352 F.3d 472, 478 (1st Cir. 2003) (reasonable juror could find causal connection between discharge and accommodation request where plaintiff was "terminated immediately after returning from medical leave and requesting accommodation of his ADD"). Simply put, and despite conducting the Rule 12(b)(6) analysis "with due regard for plaintiff's pro se status," Bourne, 2011 WL 2357504, at *3, the complaint does not allege any facts connecting plaintiff's protected conduct to his discharge.

Thus, against the backdrop of three-pronged prima facie standard that would apply at trial, the complaint fails to plausibly allege a claim of ADA retaliation. See Carrero-Ojeda, 755 F.3d at 719. However, "the First Circuit has held that the district court should not dismiss a pro se complaint on essentially technical grounds

14

without affording the plaintiff some opportunity to replead." Wanham v. Everett Pub. Sch., 515 F. Supp. 2d 175, 178 (D. Mass. 2007) (citing Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000)); see also Niemic v. Maloney, 409 F. Supp. 2d 32, 36 (D. Mass. 2005) (court should not dismiss pro se complaint unless it appears beyond doubt that plaintiff could prove no set of facts entitling him to relief); 5B Miller et al., supra p.8, § 1357 (court should generally afford leave to amend inadequately pled claim unless "it appears to a certainty that plaintiff cannot state a claim"). Here, plaintiff has plausibly alleged that he engaged in the protected conduct of requesting a reasonable accommodation. He has also plausibly alleged that he suffered an adverse employment action—termination. Although the complaint sets forth no facts from which the court can infer a causal connection between his requests and his termination, the court thinks it reasonably possible that he could plausibly allege such facts if given an opportunity to amend his complaint. See Niemic, 409 F. Supp. 2d at 36; Germanowski, 854 F.3d at 74.

Accordingly, plaintiff's retaliation claim is dismissed without prejudice. On or before November 19, 2020, plaintiff may file an amended complaint. If the amended complaint includes a claim for retaliation, the complaint must allege facts which make it plausible that plaintiff's termination was causally connected to his requests for an interpreter.

## CONCLUSION

Defendant's motion (doc. no. 11) is denied as to punitive damages and injunctive relief, but is granted, in part, as to plaintiff's retaliation claim. The retaliation claim is dismissed without prejudice, and plaintiff may file an amended complaint on or before November 19, 2020.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 16, 2020

cc: John L. Johnson, Jr., pro se
 Counsel of Record